IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


PERDUE FOODS LLC,                          *

      Plaintiff                          *

v.                                          *        Case No. 16-2722-CCB

CAL PREMIUM TREATS, INC.,                   *

      Defendant.                         *

                                    *

              *     *     *     *     *     *

**MEMORANDUM OPINION**

This Memorandum Opinion[1] addresses the Complaint for Confession of Judgment ("Complaint") (ECF No. 1) that Plaintiff, Perdue Foods LLC ("Perdue"), filed against Defendant, Cal Premium Treats, Inc. ("Cal Premium"). For the reasons stated below, I direct that the Clerk of the Court enter judgment by confession against Defendant.

Local Rule 108.1 ("Judgment by Confession") provides: '

> A complaint requesting the entry of judgment by confession shall be filed by the plaintiff accompanied by the written instrument authorizing the confession of judgment and entitling the plaintiff to a claim for liquidated damages and supported by an affidavit made by the plaintiff or someone on that party's behalf stating the specific circumstances of the defendant's execution of said instrument and including, where known, the age and education of the defendant, and further including the amount due thereunder, and the post office address (including street address if needed to effect mail delivery) of the defendant.

Loc. R. 108.1(a) (D. Md. 2016).  Upon review of the documents required to be submitted by Local Rule 108.1,

> the court may direct the entry of judgment upon a finding that the aforesaid documents prima facie establish (1) a voluntary, knowing, and intelligent waiver

---

[1] On October 22, 2014, in accordance with 28 U.S.C § 636 and Local Rule 301.6(ak), Judge Quarles referred this case to me to review Plaintiff's Complaint for Judgment by Confession. (ECF No. 6).

by the defendant of the right to notice and a prejudgment hearing on the merits of
the claim of the plaintiff for liquidated damages and (2) a meritorious claim of the
plaintiff for liquidated damages against the defendant.

Loc. R. 108.1(b) (D. Md. 2016).

Here, Perdue attached to its Complaint a Promissory Note (the "Note") (ECF No. 1-1), by

which Cal Premium borrowed the principal sum of $2,200,000.00 from Perdue. The Note is

signed by John Joseph Keller as President/CEO of Cal Premium.  The Note provides that events

of default include "the failure by [Cal Premium] to pay when due any sums required to be paid

under this Note \within [sic] five (5) business days after the date on which such payment shall

first be due." (Note ¶ 11(a)(i).)  Upon the occurrence of default and during the continuance of

default, the Note provides that "all sums due hereunder shall, at the option of [Perdue], become

immediately due and payable in full."  (Note ¶ 11(b).) The Note also contains a "Confession of

Judgment" provision, which states in all capital letters that Cal Premium

> irrevocably constitutes, appoints, and authorizes the clerk of any court or any
> attorney to appear for [Cal Premium] in any state or federal court having
> jurisdiction in the state of Maryland to waive the issuance of service of process
> and to confess judgment against [Cal Premium] in favor of [Perdue] in the full
> amount owing hereunder, plus court costs and attorneys' fees equal to fifteen
> percent (15%) of the outstanding amount owed (provided, however, in no event
> shall [Perdue] collect attorneys' fees in excess of actual, reasonable attorneys'
> fees at customary hourly rates incurred by [Perdue] in enforcing this note).

Also attached to the Complaint are (1) an email from Diana Morgan, Perdue's Director of

Customer Accounting, to Richard Allen and John Keller, the COO and President/CEO of Cal

Premium Respectively, dated July 8, 2016, identifying breaches of the Note due to non-payment

and informing the recipients that the Note was "in serious danger of being in default," and

requesting immediate payment of the amount due (Morgan Email, ECF No. 1-2); (2) a letter

from Matthew R. Alsip, counsel for Perdue in connection with the Note, to Mr. Allen and Mr.

Keller, dated July 28, 2016, informing them that Cal Premium status of material default on the

Note[2] and expressing Perdue's decision to exercise its option to immediately accelerate the maturity date for all amounts due under the Note (Alsip Ltr., ECF No. 1-3); and (3) an affidavit executed by Ms. Morgan, declaring (a) that the Note, the Morgan Email, and the Alsip Letter are true and correct copies of said Note, Letter, and Email,  (b) that the Note was executed on Cal Premium's behalf on April 7, 2016 by Mr. Keller who is an adult known to be the president and CEO of Cal Premium, and (c) that as of the date of filing, July 29, 2016, Cal Premium has not remitted any payment to Perdue pursuant to the Note, and that as of that same date the total amount due and owing to Perdue from Cal Premium under the Note is $2,184,914.91 (Morgan Aff., ECF No. 1-4).  Because the original documents filed with the Complaint did not permit the Court to evaluate the reasonableness of the sum of the attorneys' fees and costs requested therein,[3] the Court directed Plaintiff's Counsel to supplement the Complaint with an affidavit in support of the requested fees and costs.  (ECF No. 5.)  Accordingly, on August 11, 2016, Plaintiff filed a Supplemental Affidavit executed by Matthew Alsip, counsel of record for Plaintiff, setting forth the basis for the requested fees and costs.  (Alsip Aff., ECF No. 6-1).

Having reviewed the Complaint, the exhibits, and the supplemental affidavit, I am satisfied that the Note constitutes the "written instrument[s] authoriz[ing] the confessed judgment and entitl[ing] Plaintiff to a claim for liquidated damages."  See Loc. R. 108.1(a).  Ms. Morgan's affidavit authenticates the other exhibits attached to the Complaint and details calculation of the requested confessed judgment. (Morgan Aff. ¶¶ 3-5, 7-8, Ex. A.)  Ms. Morgan

---

[2] Both Ms. Morgan's email and Mr. Alsip's letter reference a second promissory note, on which Cal Premium is also apparently in default, but on which Perdue does not presently seek a judgment by confession.

[3] The Note includes a choice of law provision stating that the rights and obligations of the parties under the Note are governed by Maryland law.  (Note ¶ 18.)  Maryland law limits attorneys' fee awards to the reasonable fees actually incurred.  SunTrust Bank v. Goldman, 29 A.3d 724, 730 (Md. Ct. Spec. App. 2011).  Additionally, the language of the Note itself limits attorneys' fees awarded thereunder to those actually and reasonably incurred.  (Note ¶ 22.)  Accordingly, the Plaintiff here may recover only actual and reasonable fees.  See Wells Fargo Bank, National Association v. Global Reseach Services, LLC, No. 13-cv-3785-RWT, 2015 WL 302828, at *1 (D. Md. 2015).

stated that the Note was executed by Mr. Keller, who is Cal Premium's president and CEO and is of adult age, on April 7, 2016, but that she was unaware of his specific age and education. (Morgan Aff. ¶ 6.)   Finally, Ms. Morgan's affidavit states the last known address for Cal Premium.   (Morgan Aff. ¶ 9.)   I thus find that Perdue has complied with the requirements of Local Rule 108.1.a. Furthermore, having reviewed the documents submitted by Perdue, I find that the documents attached to the Complaint "prima facie establish . . . a voluntary, knowing, and intelligent waiver by the defendant of the right to notice and a prejudgment hearing on the merits of the claim of the plaintiff for liquidated damages."  See Loc. R. 108.1(b).

I also find that Perdue, through its submissions, has established a "meritorious claim . . . for liquidated damages against" Cal Premium.   See id.   Ms. Morgan's affidavit (excepting attorney's fees and costs, addressed below) provides that, as of July 29, 2016, the total amount due and owing to Perdue from Cal Premium under the Note includes: the outstanding principal of $2,200,000.00, accrued and unpaid interest of $19,709.51, and late charges of $5,947.21, less a credit of $54,159.21 which Perdue Owes to Cal Premium under an unrelated contract, totaling $2,171,497.51.[4] (Morgan Aff. ¶ 9, Ex. A.)

Additionally, Mr. Alsip's affidavit sets forth the basis for a modified sum of attorneys' fees and costs, totaling $10,680.68.  As to the reasonableness of the requested fees, Mr. Alsip is the attorney of record for Perdue, has been admitted to practice in Maryland for ten years, and requests a (reduced) hourly rate of 287.5 in this case.  (Alsip Aff. ¶ 6.)  Mr. Alsip was assisted one partner, Anne-Therese Bechamps (admitted for 25 years) at an hourly rate of $387.50, and three associates: Christine Carey and Melissa McLaughlin (both admitted for five years) at an hourly rate of $232.50, and Hannah Levin (admitted for one year) at an hourly rate of $187.50.

---

[4] Ms. Morgan's affidavit also includes a request for $400.00, as reimbursement of the filing fee for this case. However, Mr. Alsip's calculation of the costs for which Perdue seeks reimbursement also includes the $400.00 filing fee.  This sum cannot be recovered twice, and so it has not been included here.

(Alsip Aff. ¶ 6.)  These hourly billing rates fall within the presumptively reasonable range in this district for attorneys with comparable experience, as set forth in Appendix B to this Court's Local Rules.  Mr. Alsip spent 28.5 hours working on this case, Ms. Bechamps spent 1.2 hours working on this case, and the various associates spent a total of 5.3 hours working on this case. (Alsip Aff. ¶¶ 5, 6.)  I find this reasonable and will award Perdue attorneys' fees in the amount of $9,801.00.   Additionally, Perdue seeks reimbursement of the costs incurred in this case, including the Court filing fee, a messenger fee, legal research service fees, and postal fees.  I find that these costs were reasonably expended and Perdue is entitled to reimbursement for costs equaling $879.68.  (Alsip Aff. ¶ 7.)  Accordingly Perdue is entitled to an award of attorneys' fees and costs totaling $10,680.68.

In summary, I find that Perdue's Complaint and the exhibits incorporated therein prima facie establish that Cal Premium voluntarily, knowingly and intelligently waived the right to notice and a prejudgment hearing on the merits of Perdue's claim for liquidated damages, and that Perdue has presented a meritorious claim for liquidated damages in the amount of $2,182,178.19 against Cal Premium.

Therefore, I direct the Clerk to enter the confessed judgment against Cal Premium in the amount of $2,182,178.19, which includes the outstanding principal of $2,200,000.00, accrued and unpaid interest of $19,709.51, late charges of $5,947.21, and attorneys' fees and costs in the amount of $10,680.68, less a credit of $54,159.21.

I further direct the Clerk to ensure that notice of this entry is provided to:

Cal Premium Treats, Inc.
20343 Harvill Avenue
Perris, California 92570

An implementing Order will follow.

Date:   August 15, 2016                         _____/s/_____
                                                J. Mark Coulson
                                                United States Magistrate Judge